UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

LANA SUE HANSON, RICHARD A. HANSON,
JANE WILJAMAA, ALAN WILJAMAA,
on their own behalves and on behalf of a class of
similarly situated participants and beneficiaries, and
JAMES ENGLAND, DEBRA M. ENGLAND,
GERALD B. MANNINEN, RITA P. MANNINEN,
MICHAEL MURPHY, PAMELA S. MURPHY,
PHYLLIS SODERBERG, ROBERT SODERBERG,
KENNETH STUHR AND CONSUELO STUHR,

                    Plaintiffs,

                                                                **CLASS ACTION**
                                                                **COMPLAINT**

              -against-

GENERAL DYNAMICS CORPORATION,
GENERAL DYNAMICS SALARIED
RETIREMENT PLAN; GENERAL
DYNAMICS CORPORATION
RETIREMENT PLAN; ALIGHT
SOLUTIONS (FORMERLY KNOWN AS
HEWITT ASSOCIATES LLC),

                    Defendants.

_____

## I.
## INTRODUCTION

1.      This is principally an action pursuant to the Employee Retirement Income

Security Act of  1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in which

Plaintiffs, on their own behalf and on behalf of a class of similarly situated

participants and beneficiaries, contest a retirement plan's actions to reduce

Plaintiff's future benefits under the plan to remedy a mistake the plan and its agents allegedly made in calculating their plan benefits. The plan first reduced benefits to the "correct" amount and then further reduced benefits to recoup the overpayments made before the plan discovered and corrected its error, which in the case of some of the Plaintiffs, was more than a decade after benefits commenced.

2.      At the time of retirement, the participants were each, in accordance with the plan, permitted to elect among a menu of benefit options, in lieu of the "normal benefit" option, which was a life annuity with a 50% survivor annuity for the spouse. One of the benefit options was described in 2002 and 2019 summary plan descriptions as the "Level Income Option" and in Pension Calculation Statements as the "and other documents as the "100% Contingent Annuity with Leveling at Age 62" option (hereinafter referred to as the "Leveling Option"), which provided an electing participant with an enhanced benefit until age 62, when the participant became eligible for Social Security, at which point the benefit was reduced. The reduced benefit would be paid for the life of the participant and continue to be paid during the lifetime of the spouse if he or she survived the participant. General Dynamics, in accordance with ERISA, required that an electing participant's spouse provide a written consent to this election, witnessed by either a notary public or a plan official. To help participants and their spouses decide which option to select, General Dynamics, in accordance with IRS regulations, provided each participant with a "Relative Values Notice," which indicated that

the Leveling Option was worth approximately between 120% and 128% of the other available benefit options. Each of the Plaintiff Participants, with the consent of his or her spouse, elected this option.[1]

3.       General Dynamics has now reduced the benefits of the plan to rectify General Dynamics' error. None of the participants were responsible for the error. The benefit reductions for the participants, who are now in their 70s, are substantial, in some cases (including reductions to recover overpayments) exceeding 40%.

4.       The Plaintiffs contend, *inter alia*, that the Defendant Plan and Defendant General Dynamics committed various fiduciary and other violations under Federal law that (i) estop them from reducing benefits; (ii) require reformation of the plan such that future benefit payments are conformed to the benefit representations made and relied upon by the Plaintiffs at the time of their retirement; (iii) estop them from recouping overpayments, and/or (iv) obligate them to reimburse the plan and Plaintiffs for the losses they suffered because of Defendant's unlawful actions. The action also seeks relief against Defendant Alight for violations of ERISA and alternatively under state law for professional negligence and misrepresentations to the Plaintiffs.

## II.
## JURISDICTION AND VENUE

---

[1]  The plan had different benefit formulas for periods before January 1, 2007, and after that date. This Complaint only addresses the benefit payable for service before January 1, 2007.

5.     **Subject Matter Jurisdiction.**  This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and ERISA § 502(e)(1), 29 U.S.C. 1132(e)(1).  Subject matter jurisdiction over Plaintiff's state law claims exist under 28 U.S.C. § 1332, the matter in controversy being between citizens of different states and the amount at issue being in excess of $75,000, as well as supplemental jurisdiction under 28 U.S.C. § 1367.

6.     **Personal Jurisdiction:**  ERISA provides for nationwide service of process. ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).  All of the defendants are either residents of the United States or subject to service in the United States and this Court therefore has personal jurisdiction over them.

7.     **Venue.**  Venue is proper in this district both because much of the conduct that is the subject of this lawsuit occurred within this district and also because a defendant can be found in this district.

### III.
### THE PARTIES

**Plaintiffs**

8**.**     Plaintiff James England is a retired employee of General Dynamics, who is currently receiving monthly retirement benefits from the General Dynamics Salaried Retirement Plan.   Plaintiff is a citizen of the state of Wisconsin.

9.     Plaintiff Debra M. England is James England's spouse.  She is a beneficiary under the General Dynamics Salaried Retirement Plan who will receive a spousal survivor benefit if she survives James.   General Dynamics, as required by ERISA,

required her to provide a notarized consent to the benefit option that James elected to receive.  Plaintiff is a citizen of the state of Wisconsin.

10.     Lana Sue Hanson is a retired employee of General Dynamics, who is currently receiving monthly retirement benefits from the General Dynamics Salaried Retirement Plan.   Plaintiff is a citizen of the state of Minnesota.

11.     Richard A. Hanson is Lana Hanson's spouse.  He is a beneficiary under the General Dynamics Salaried Retirement Plan who will receive a spousal survivor benefit if he survives Lana.   General Dynamics, as required by ERISA, required Richard to provide a notarized consent to the benefit option that Lana elected to receive.  Plaintiff is a citizen of the state of Minnesota.

12.     Gerald B. Manninen is a retired employee of General Dynamics, who is currently receiving monthly retirement benefits from the General Dynamics Salaried Retirement Plan.   Plaintiff is a citizen of the state of Minnesota.

13.     Rita P. Manninen is Gerald Manninen's spouse.  She is a beneficiary under the General Dynamics Salaried Retirement Plan who will receive a spousal survivor benefit if she survives Gerald.   General Dynamics, as required by ERISA, required her to provide a notarized consent to the benefit option that Gerald elected to receive.  Plaintiff is a citizen of the state of Minnesota.

14.     Michael Murphy is a retired employee of General Dynamics, who is currently receiving monthly retirement benefits from the General Dynamics Salaried Retirement Plan.   Plaintiff is a citizen of the state of Minnesota.

15.     Pamela S. Murphy is Michael Murphy's spouse.  She is a beneficiary under the General Dynamics Salaried Retirement Plan who will receive a spousal survivor benefit if she survives Michael.   General Dynamics, as required by ERISA, required her to provide a notarized consent to the benefit option that Michael elected to receive.  Plaintiff is a citizen of the state of Minnesota.

16.     Phyllis Soderberg is a retired employee of General Dynamics, who is currently receiving monthly retirement benefits from the General Dynamics Salaried Retirement Plan.   Plaintiff is a citizen of the state of Wisconsin.

17.     Robert Soderberg is Phyllis Soderberg's spouse.  He is a beneficiary under the General Dynamics Salaried Retirement Plan who will receive a spousal survivor benefit if he survives Phyllis.  General Dynamics, as required by ERISA, required Robert to provide a notarized consent to the benefit option that Phyllis elected to receive.  Plaintiff is a citizen of the state of Wisconsin.

18.     Kenneth Stuhr is a retired employee of General Dynamics, who is currently receiving monthly retirement benefits from the General Dynamics Salaried Retirement Plan.   Plaintiff is a citizen of the state of Arizona.

19.     Consuelo Stuhr is Kenneth Stuhr's spouse.  She is a beneficiary under the General Dynamics Salaried Retirement Plan who will receive a spousal survivor benefit if she survives Kenneth.   General Dynamics, as required by ERISA, required her to provide a notarized consent to the benefit option that Kenneth elected to receive.  Plaintiff is a citizen of the state of Arizona.

20.  Jane Wiljamaa is a retired employee of General Dynamics, who is currently receiving monthly retirement benefits from the General Dynamics Salaried Retirement Plan.   Plaintiff is a citizen of the state of Minnesota.

21.  Alan Wiljamaa is Jane's spouse.  He is a beneficiary under the General Dynamics Salaried Retirement Plan who will receive a spousal survivor benefit if he survives Jane.   General Dynamics, as required by ERISA, required him to provide a notarized consent to the benefit option that Jane elected to receive. Plaintiff is a citizen of the state of Minnesota.

**Defendants**

22.     Defendant General Dynamics Salaried Retirement Plan (or General Dynamics Salaried Retirement Plan – GDIS Legacy Employees), which appears to be a component retirement plan of Defendant General Dynamics Corporation Retirement Plan,  or General Dynamics Retirement Plan (Government) is a retirement plan or plans sponsored by General Dynamics Corporation for its salaried employees.  (The plan or plans shall sometimes be referred to in this Complaint as the "Plan.")  Participant Plaintiffs began participation in the Plan while employees of General Dynamics and are now receiving monthly annuity benefit from the Plan.

23.     Defendant General Dynamics Corporation Retirement Plan (and/or General Dynamics Corporation Retirement Plan (Government) is a retirement plan sponsored by General Dynamics Corporation for its employees.  (See Paragraph 22. above.)

24.     Defendant General Dynamics Corporation is a Delaware Corporation with a principal place of business at 11011 Sunset Hills Road, Reston, Virginia. (General Dynamics Corporation will sometimes be referred to in this complaint as "General Dynamics.")  General Dynamics is the sponsor of the Plan.  The Plan also identifies General Dynamics Corporation as the Plan Administrator and its Name Fiduciary.  General Dynamics is a fiduciary of the Plan pursuant to ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

25.     Defendant Alight is an Illinois limited liability company with its principal place of business at 4 Overlook Point, Lincolnshire, Illinois.  On information and belief, at the time that Participant Plaintiffs began considering retirement and when they filed their retirement benefit election forms, Alight's predecessor, Hewitt Associates LLC, provided various recordkeeping and actuarial services to the plan.   Hewitt/Alight was a fiduciary pursuant to ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).  (This Complaint refers to the defendant Alight as Alight, Hewitt/Alight, or Hewitt, as appropriate to the context.)

**IV.**
**FACTS**

26.     Participant Plaintiffs began working for a division of Control Data Corporation, which Defendant General Dynamics acquired sometime in 1997, at which point they became employees of General Dynamics.  On information and belief, the Control Data pension plan, or that part of it that covered Participants, was acquired by General Dynamics and became part of the General Dynamics

Retirement Plan. The Plaintiff Participants became participants in the Plan and continue to participate in the plan as of the date of this Complaint. Each of the Participants received service credit for their combined service for Control Data Corporation and General Dynamics.

27.     Each of the Participants requested an application for pension benefits before attaining age 62.

28.     General Dynamics provided each Participant a Benefit Calculation Statement and an application for benefits. These documents listed a number of benefit options, including a life annuity for the participant with a 50% survivor annuity for the spouse, which is the normal form of benefit for a married retirement plan participant under ERISA. One of the alternative benefits open to a participant who retired before age 62 was the Leveling Option. This benefit provided an enhanced benefit through age 62, with a reduction upon attaining that age, which reflected the ability of the participant to apply for Social Security benefits to replace the reduction at age 62. The benefit, as adjusted at age 62, would continue without further reduction for the life of the participant and the participant's spouse if the spouse survived the participant. On information and belief, Hewitt Associates prepared the benefit calculations for each payment option offered to Participant Plaintiffs and prepared the Benefit Calculation Statement.

29.     In addition to providing the participants with a description of their benefit options, the Plan also provided, as required by Treasury Regulations, a Relative

Values Notice, which compared the value of the various benefits options to help participants and their spouses with their decision.  These Notice represented that the relative value of the Leveling Option was substantially more valuable than other "full" benefits under the Plan.  (The Relative Values Notices for Michael Murphy, Gerald Manninen, and James England, shows that the benefit option had a value of 120%, 122% and 128% of other benefit options.[2])  Each of the participants, with the notarized consent of their spouse, chose to retire before age 62 and to select this "most valuable" benefit option.  On information and belief, Hewitt Associates prepared the Relative Values Notices.

30.     The plan began paying benefits to each of the Participants in accordance with the description of the benefit option's monthly benefit until the Participant attained age 62.  In accordance with the terms of the option, the amount of the benefit was reduced when each participant attained age 62 and would continue at the reduced rate during the joint lives of each participant and spouse.

31.     On June 13, 2019, the Plan sent each Participant a one-page letter that said, in relevant part, "During a recent review of your benefit payments, it was determined that your final benefit was overstated.  This overstatement occurred because of an error in the calculation of the amount payable under the 100% Contingent Annuity Level Income Option to age 62 that you chose for the GDIS

---

[2] The other Plaintiffs have not retained their Notices, but on information and belief, they would have been similar.  The percentage differences would have reflected individual factors, such as age of participant and spouse at retirement.

Legacy Total benefit source at the time of your retirement." The letter indicated that the participant's benefit would be reduced as of July 1, 2019. The letter also indicated that because of the plan's failure to correct the error up to that point, that the participant had been overpaid and that the plan would send a second letter with additional details regarding options for repaying the overpaid amount. The letter also told each Participant that "We apologize for any inconvenience caused by this change to your benefit."

32.     The plan followed the July 2019 letter with a second letter, which informed Participants that they had two options: to send the plan a "certified check, money order or personal check," in the amount of his or her overpayment or the Plan would permanently reduce future benefits payable during the life of the Participant to collect the overpayment.

33.     Each Participant Plaintiff appealed the Plan's decision to reduce his or her benefit and to collect reimbursement. The appeals claimed that the plan failed to provide adequate detail on the plan's original benefit calculation and that the plan should be estopped from reducing the plan benefits because the error was the fault of the Plan and that the Plan should recover the overpayments from either General Dynamics (by continuing to fund the plan at current levels) or the plan's actuary/record-keeper who made the error. The Plan and General Dynamics sent each Participant a denial letter.

34.     In rejecting the appeals, the Plan wrote that "the Plan "authorizes and requires the Administrator to adjust" miscalculated benefits and rejected without

any discussion arguments that the Plan should be estopped from reducing benefits. The Plan indicated that the participants had no right to rely on an expectation that the Plan correctly calculated the benefit, writing in some letters that "a change in expectation does not itself represent a financial hardship."

35.     The Plan did not indicate why it had not sought to recover its "loss" from either the record-keeper/actuary who made the error or from General Dynamics, the plan sponsor as well as the Plan Administrator and Named Fiduciary, and which, among other failures, apparently failed to identify the error for a period of more than a decade, even as the Plan as the plan was representing to Plaintiffs (through its Relative Value Notices) that the option ultimately elected was the most valuable option to them.

36.     The following chart indicates for each Participant the monthly benefit they were told they would be paid until attaining age 62, the corrected pre-62 benefit, the monthly benefit they were told that they and their spouses would be paid after the participant attained age 62, the "corrected" post-62 benefit, and, if applicable, the "corrected" benefit with a further reduction for the life of the Participant to collect the Plan's overpayments.

| Participant Plaintiff | Original Pre-62 Monthly Benefit | Corrected Pre-62 Monthly Benefit | Original Post-62 Monthly Benefit | Corrected Post-62 Monthly Benefit | Corrected Post-62 Benefit With Overpayment Recoupment During Participant's Life |
|---|---|---|---|---|---|
| England | $5,926.83 | $5,153.05 | $4,280.83 | $3,507.05 | * |
| Hanson | $1,655.80 | $1,666.25 | $1,059.74 | $719.25 | $469.25** |
| Manninen | $4,103.49 | $3,594.06 | $2,713.49 | $2,204.06 | $1,610.61 |
| Murphy | $6,660.91 | $6,029.70 | $5,014.94 | $4,383.70 | $4,159.29 |
| Soderberg | $6,217.23 | $5,589.88 | $4565.23 | $3,937.88 | *** |
| Stuhr | $5,449.99 | $5,039.93 | $3,846.99 | $3,436.93 | $3,247.72 |
| Wiljamaa | $5,044.27 | $4,565.23 | $3,398.27 | $2,916.27 | $2,758.51 |

\*        James England paid the plan the "overpayment" in a lump sum of $78,925.56

\*\*        Lana Sue Hanson paid the plan $6,675.89 and the plan reduced her benefit by $250 per month during an 80-month period.

\*\*\*        Information not available at the time the Complaint was filed.

Note that figures include the benefits earned prior to 2007 and the benefits earned beginning in 2007.

# V.
# CLASS ALLEGATIONS

37.        Lana Sue Hanson, Richard A. Hanson, Jane Wiljamaa, and Alan Wiljamaa bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23(b)(1) and (2).

38.        The Class is defined as all General Dynamics Plan participants who elected to take their benefits in the form of the Leveling Option and whose benefit has

now been reduced because of an alleged overpayment; and the spouse of each such participant.

39.     Plaintiffs reserve the right to modify the definition of the proposed class based on information that they or their counsel learn through discovery.

40.     The proposed class meets all the requirements of Federal Rule of Civil Procedure 23, as follows:

41.     Upon information and belief, the Class is sufficiently numerous that joinder of all persons in the class is impracticable.  It is not clear from the plan documents furnished by the Plan whether the benefit option was available only to members of the division in which Participants were employed or whether it was available generally to all participants, or to some subset.  On information and belief, the division employed 1,000 or more employees and because the benefit option was represented as the most valuable benefit by Defendants, and on information and belief, was considered the most valuable by employees in the division, Plaintiffs believe that there are at least several dozens individuals who retired from the division who selected the Leveling Option and spouses who consented to the election.  If the benefit option were more broadly available to participants in the Plan, Plaintiffs believe there may be in excess of 1,000 participants who selected the option.  Plaintiffs thus believe that that there are a substantial number of participants and beneficiaries who are putative members of the class.  Numerosity of the class will be ascertained and confirmed by discovery.  The number and

identity of the members of the class are readily determinable from the Defendants'
records.

42.    There are common questions of law and fact affecting the rights of the
members of the Class, including, without limitation:

a.  Whether defendants breached their fiduciary or other duties in providing
documents to Participants that incorrectly valued the benefit option selected by or
consented to by members of the class, including the Pension Calculation
Statements and the Relative Values Notices;

b.  Whether Defendant General Dynamics breached its fiduciary obligations
in failing to adequately monitor the performance of Hewitt/Alight and failing to
identify and remedy the miscalculation for a period of more than a decade;

c.  Whether Plaintiffs and the Class are entitled to equitable relief from
Defendants' violations of ERISA §§ 404(a), and/or 406;

d.  Whether Defendant Alight was acting in a fiduciary capacity when it
prepared inaccurate and materially misleading Pension Calculation Statements and
the Relative Values Notices;

e. Whether, if Defendant Alight was not acting in a fiduciary capacity, it
acted negligently or violated other duties owed to Plaintiffs under applicable state
law;

f.  Whether defendant General Dynamics violated its fiduciary duties and/or
engaged in a prohibited transaction when it chose to have the Plan use self-help
recoupment methods rather than seek to recover the plan losses either by having

General Dynamics continue to fund the plan on the basis of the miscalculated benefits or by recovering plan losses from Hewitt/Alight, which on information and belief prepared the erroneous calculations;

g. Whether General Dynamics "self-help" recoupment activities, in which it began recovering or threatening to recover the *ultra virus* transfer of plan assets to Participants by reducing the Participant's future plan benefits, violates ERISA § 206(d)(1) and I.R.C. § 401(a)(13), which provides that benefits may not be assigned or alienated;

(h) Whether 26 C.F.R. § 1.401(a)-13 is *ultra vires.*

43. The claims of the named class representatives are typical of the claims of the proposed Class. Plaintiffs and all members of the proposed Class sustained the same or similar injuries resulting from Defendants' common course of conduct in violation of applicable Federal and State law. Plaintiffs claims are thereby representative of, and co-extensive with, the claims of the proposed Class members.

44. The named representatives will fairly and adequately protect the interests of the proposed class. There are no conflicts between the interests of the named Plaintiffs and the other members of the proposed class.

45. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecuting separate actions by individual class members would create a risk of (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party

opposing the class, or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests. Specifically, separate actions by individual class members could produce varying adjudications as to, *inter alia*, whether Defendants acted in a fiduciary capacity in providing inaccurate pension benefit statements and relative values notices to Plaintiffs and class members, whether General Dynamics should be estopped to deny that Plaintiffs and class members are entitled to the miscalculated benefits, and whether other equitable relief is available for Defendants' ERISA violations.

46. This action is maintainable as a class action under Rule 23(b)(2) because Defendants have acted and/or refused to act on grounds generally applicable to the Class, thereby making appropriate monetary, injunctive and other equitable relief in favor of the Class. In particular, Defendants miscalculation of the pension option selected by class members, the distribution of materially misleading benefit calculation statements and relative value notices, the failure to identify and correct any errors in timely manner, the decision to pursue recoupment against participants through self-help, affected all similarly situated Plan participants in identical ways. The action is also maintainable as a class action under Rule 23(b)(3) because questions of law or fact common to class members predominate over any questions affecting only individual members and a class action is

superior to other available methods for fairly and efficiently adjudicating the controversy.

**IV.**
**FIRST CLAIM FOR RELIEF**
**(ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)**

47.    Plaintiffs repeat and reallege the matters set forth in Paragraphs 1 through 46 above as if fully set forth herein.

48.    Plaintiffs have used their pension benefits for living and other expenses and therefore no longer have them—they are no longer in their possession or control.

49.    Plaintiffs relied on the accuracy of the documents they received concerning their benefit options and selected the option that had the most value for them.  The documents' material inaccuracy affected Plaintiffs' choice of benefit options, the timing of their retirement and/or the timing of when their benefits commenced. Defendants actions have forced Plaintiffs to accept reduced retirement incomes for the remainder of their lives.

50.    Plaintiffs have paid taxes on all of the plan payments.  Because their income since the benefit reductions is and will be lower than at the time the miscalculated benefits were paid, and because Plaintiff's marginal tax rate is now lower than during the period of the alleged overpayments, Plaintiffs will pay more income tax than they would have over otherwise paid over their lives and additionally will lose the time value of the taxes paid prematurely.  Plaintiffs are being asked to repay the full amount of this overpayment, without credit for the increased tax liability they are suffering because of Defendants' errors.

51.     Defendants furnished incorrect Relative Values Notices, the purpose of which is to allow participants and their spouses to know which benefit options are the most valuable to help guide their decision-making.  Plaintiffs relied on the Notices in electing to take the Leveling Option.

52.     Defendants are equitably and promissorily estopped from reducing the amount which Defendants represented that Plaintiffs would be paid.

## SECOND CLAIM FOR RELIEF
### (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3))

53.     Plaintiffs repeat and reallege the matters set forth in Paragraphs 1 through 52 above as if fully set forth herein.

54.     ERISA § 206(d)(1), 29 U.S.C. § 1056(d)(1), titled "Assignment or alienation of plan benefits," provides that "Each pension plan shall provide that benefits provided under the plan not be assigned or alienated."

55.     Defendants' recoupment of the alleged overpayment violates that section.

56.     To the extent that Defendants rely on 26 C.F.R. § 1.401-13(c)(2)(iii) to countenance the recoupment, it is Plaintiffs' position that the regulation is inapplicable or, if applicable, is *ultra vires.*

57.     To the extent the Defendants rely on any provision of the Plan to countenance recoupment, any such provision is either inapplicable or violates ERISA § 206(d)(1).

58.     Even if the Plan is permitted to recoup overpayments, it must pursue recoupment through litigation rather than via self-help and may not use the threat

of benefit reduction to coerce participants to repay the plan with a lump sum payment.

59.     Plaintiffs are entitled to a pension benefit calculated in accordance with the Plan's terms, without offset for past overpayments.  (The Plan's recourse would be to seek judicial relief, not self-help.)  Plaintiffs are entitled to be repaid any amounts already paid to the plan or deducted by the Plan from future benefits, with appropriate interest, as well as payment of the correct benefit prospectively.

**THIRD CLAIM FOR RELIEF**
**(ERISA § 502(a)(2), 29 U.S.C, § 1132(a)(2)**

60.     Plaintiffs repeat and reallege the matters set forth in Paragraphs 1 through 59 above as if fully set forth herein.

61.     The Plan's provisions set forth how a participant's benefits are to be calculated.

62.     ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), require that fiduciaries act "in accordance with the documents and instruments governing the plan" except to the extent such documents are inconsistent with the statute.

63.     General Dynamics Corporation is the Plan Administrator, with the responsibility to compute, certify and direct the Trustee with respect to the amount and the kind of benefit to which a participant is entitled.

64.  To the extent Plaintiffs have been overpaid, General Dynamics has breached its fiduciary duty to pay them only the amount of benefits to which they were entitled under the Plan.

65.  General Dynamics is liable to reimburse the Plan for the full amount of any overpayment to Plaintiffs with appropriate interest.

## FOURTH CLAIM FOR RELIEF
## (ERISA § 408(b)(ii), 29 U.S.C. § 1106(b)(1))

66.    Plaintiffs repeat and reallege the matters set forth in Paragraphs 1 through 65 above as if fully set forth herein.

67.    General Dynamics, as Plan Administrator, had at least three options for the plan to recover any losses because of General Dynamics failure to pay the Leveling Option at its correct level and its failure to discover the error for more than a decade: it could make the plan whole by continuing to fund the benefit as originally calculated or pay the Plan a lump sum payment for the Plans' losses; it could sue the record-keeper/actuary for the consequences of the miscalculation; or it could seek recoupment from the innocent participants who relied on the misrepresentations to their detriment.  General Dynamics, as Plan Administrator and the Plan's Named Fiduciary, was required to make this determination subject to ERISA's fiduciary duties and the restraints of ERISA's prohibited transaction provisions.

68.    General Dynamics chose to recover the plan's loss from the innocent Plaintiffs rather than continuing to fund the plan to continue to pay benefits at the level promised to Plaintiffs.  In doing so, General Dynamics not only failed to administer the plan solely in the interests of participants, but acted in General Dynamics' corporate interest, which was adverse to the interests of the plan and

the interests of its participants.  This constituted a prohibited transaction under

ERISA § 408(b)(ii), 29 U.S.C. § 1106(b)(1).

69.    General Dynamics should be ordered to fund the plan to pay the plan

benefits as described to Participants on their pension calculation statement.

## FIFTH CLAIM FOR RELIEF
### (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)

70.    Plaintiffs repeat and reallege the matters set forth in Paragraphs 1 through

69 above as if fully set forth herein.

71.    Defendants, through the preparation and provision to Plaintiffs of the

Relative Values Notices and the Pension Calculation Statements, made false and

materially misleading representations of the benefits to which Plaintiffs were

entitled, on which Plaintiffs justifiably relied.  These documents should have been

prepared and reviewed with the utmost regard for accuracy, since Defendants

should have expected that Plaintiffs would rely on these representations of the

amount and relative value of the different benefit options, since the statute

recognized that these documents were essential for Plaintiffs to make informed

choices as to when to retire, when to commence benefits, and what benefit option

to elect.

72.    Plaintiffs are entitled to plan reformation to conform the plan to the

misrepresentations made to them by Defendants, and surcharge and other

appropriate equitable relief.

## SIXTH CLAIM FOR RELIEF
### (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3))

73.    Plaintiffs repeat and reallege the matters set forth in Paragraphs 1 through 72 above as if fully set forth herein.

74.    The Plan, and the General Dynamics Corporation as Plan Administrator, were required to provide a Relative Values Notice and a Pension Calculation Statement that were not materially misleading.  Because the statements were inaccurate as to only one of the benefit options, and because the Relative Values Notice claimed that this benefit option was more valuable than the other available forms of benefits, Participant Plaintiffs were deprived of the opportunity to make an informed election of the form of benefit under the Plan, and when to retire and when to commence benefits, and Spousal Participants were denied the opportunity to knowingly consent to the form of benefit.  The elections were thus ineffective.

75.    Defendant Plan has failed to provide Plaintiffs with the opportunity to make an informed election of a benefit form and should be ordered to provide them the opportunity to make such an election, with accurate information.  Plaintiffs should be paid such benefit as they select, plus interest on such benefit from the time of their earlier defective election.

76.    General Dynamics, by denying Plaintiffs the opportunity to make an informed election of a benefit form in 2009, breached its fiduciary obligations to Plaintiffs and should be liable to them for surcharge and other equitable remedies, including plan reformation.

**SEVENTH CLAIM FOR RELIEF**
**(ERISA § 502(a)(3), 29 U.S.C. § 1132 (a)(3))**

77.    Plaintiffs repeat and reallege the matters set forth in Paragraphs 1 through 76 above as if fully set forth herein.

78.    If Plaintiffs were overpaid and are required to reimburse the plan for all or any part of that overpayment, any such overpayment was caused by the General Dynamics' breaches of fiduciary duty, including paying amounts from plan assets in excess of the benefits payable under the Plan, the preparation and transmission of  misleading and inaccurate disclosures and forms provided to Plaintiffs about the amount and relative value of those benefits, and the failure to identify and correct the error for more than a decade.

79.     Plaintiffs are entitled to judgment surcharging General Dynamics in the full amount that Plaintiffs have been and may in the future be required to repay and other damages they suffered because of Defendant's fiduciary breaches.

## EIGHTH CLAIM FOR RELIEF
### (ERISA § 502(a)(2) and (3), 29 U.S.C. § 1132 (a)(2) and (3))

80.    Plaintiffs repeat and reallege the matters set forth in Paragraphs 1 through 79 above as if fully set forth herein.

81.    Upon information and belief, General Dynamics contracted for the services which Hewitt (now Alight) provided to the plan, including benefit calculations and the preparation of the Pension Calculation Statements and Relative Values Notices.

82.    Hewitt's repeated negligent acts are a cause of any overpayments to Plaintiffs as well as for Plaintiff's inability to ascertain correct information as to

the amount of their benefits.  Therefore Hewitt, not Plaintiff, should be

responsible to reimburse the Plan for any overpayments.

83.     Upon information and belief, General Dynamics is in breach of its fiduciary

duties by failing to recover any overpayments from Hewitt/Alight.

**NINTH CLAIM FOR RELIEF**
**(ERISA § 502(a)(3), 29 U.S.C. § 1132 (a)(3))**

84.     Plaintiffs repeat and reallege the matters set forth in Paragraphs 1 through

83 above as if fully set forth herein.

85.     When Hewitt prepared the benefit calculations, benefit calculations

statement, and Relative Values Statement, without review or at least meaningful

review from General Dynamics, Hewitt was exercising authority and control with

respect to management or disposition of plan assets and was thus a fiduciary under

ERISA § 1(21), 29 U.S.C. § 1002(21).

86.     Hewitt was also a fiduciary because it exercised control in the management

and/or administration of the Plan outside a framework of policies, interpretations,

rules, practices and procedures made by other persons.  See 29 C.F.R. § 2509.75-

8m D-2(A).

87.     Hewitt's miscalculations were grossly negligent and violated its duty to act

prudently under ERISA § 404(a), 29 U.S.C. § 1104(a).

88.     Plaintiff is entitled to judgment surcharging Hewitt/Alight for its various

violations of ERISA's duty of prudence and making the Plan whole for losses

suffered by the Plan.

## TENTH CLAIM FOR RELIEF
## (ALTERNATIVE CLAIMS AGAINST HEWITT/ALIGHT FOR COMMON LAW NEGLIGENCE)

89.     Plaintiffs repeat and reallege the matters set forth in Paragraphs 1 through 88 above as if fully set forth herein.

90.     Upon information and belief, at all times pertinent hereto, Plaintiff's pension benefits had been calculated by Hewitt.

91.     If Plaintiffs' pension benefits have been overpaid, any such overpayments would have been the result of, inter alia, Hewitt's negligence.

92.     If Plaintiff's benefits have been overpaid, any damage to the Plan caused by such overpayments should be paid by Hewitt/Alight.

93.     Plaintiffs pursue this claim derivatively on behalf of the plan and on their own behalf.

94.     Plaintiffs (and the Plan) are entitled to appropriate legal and equitable relief from Hewitt/Alight for their losses, including, if appropriate, punitive damages.

## PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

1.  Granting Plaintiffs pension benefits in the amount represented to them in the Pension Calculation Statement for their joint lives and retroactive payment, with interest, for benefits withheld beginning on July 1, 2019, and ordering either the Plan or the fiduciary Defendants, jointly and severally, to pay those benefits with appropriate interest;

2.  Ordering the fiduciary defendants either: (1) to reimburse the Plan in such sum as will provide, on actuarial basis, an amount necessary to fund any benefit payments to Plaintiff in excess of those permitted by the Plan's benefit formula; or (2) to reimburse the Plan in such sum as will provide, on an actuarial basis, an amount necessary to fund the difference between benefit payments to Plaintiffs in the amount provided by the Plan's formula and the amount which Plaintiff would be paid if recoupment were permitted;

3.  Enjoining Defendants from reducing the pension benefits Defendants represented that the Plaintiffs would receive;

4.  Ordering surcharge against General Dynamics and Alight for the losses their respective fiduciary breaches caused to Plaintiffs and/or the Plan;

5.  Ordering Alight to pay appropriate damages for any state law violations;

6.  Granting Plaintiffs' their costs and attorney's fees, including any expert or consultant expenses; and

7.  Granting such other and further relief as to this Court may seem just and proper.

Respectfully submitted,

Date: April 29, 2021

s/ Amy R. Mason
Amy R. Mason, Esq. (#0347760)
MILLER & STEVENS, P.A.
92 Lake Street S.
Forest Lake, MN 55025
(651) 462-0206
amy@millerstevens.com

Norman Stein
District of Columbia Bar #: 256701
7709 Corliss Avenue North
Seattle, WA 98103
(205) 410-0989
nps32@drexel.edu